## IN THE UNITED STATES DISRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

**DEBORAH BREECH, as Administratrix of the**
**Estate of Donald L. Grooms, and**
**AUDREY E. GROOMS**

      **Plaintiffs.**

**v.**                                                    **Civil Action No. 1:24-CV-12**
                                                        **(JUDGE KLEEH)**

**ERGON TRUCKING, INC. and**
**BRUCE RANDALL STACK**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTION [ECF NO. 20] FOR PROTECTIVE ORDER

Presently pending before the Court is Defendants' motion for entry of a protective order [ECF No. 20] and memorandum in support [ECF No. 21], thereof, filed on May 29, 2024. The Court also is in receipt of Plaintiffs' response in opposition [ECF No. 26], thereto, filed on June 5, 2024, as well as Defendants' reply [ECF No. 30] in support of their motion, filed on June 18, 2024. By Referral Order [ECF No. 23] entered on May 29, 2024, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred the motion to the undersigned United States Magistrate Judge for hearing and entry of an order as to appropriate disposition. On June 20, 2024, the undersigned conducted a hearing on the motion, at which appeared counsel for the respective parties.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an automobile collision. Plaintiffs' claims herein sound in wrongful death, negligence, and vicarious liability. In the Complaint [ECF No. 1], Plaintiffs allege that Defendant Bruce Randall Stack ("Defendant Stack") was an employee of Defendant Ergon Trucking, Inc. ("Defendant Ergon Trucking") as a tanker truck driver. Further, they allege that on

1

September 8, 2023, Defendant Stack was operating such a vehicle, traveling westbound on U.S. Route 50 in Doddridge County, West Virginia.

Plaintiffs allege that, at this same time, their decedent, Donald Grooms, was driving south on Old U.S. Highway 50 towards Sunnyside, West Virginia. Plaintiff Audrey Grooms was in the front seat of the vehicle as a passenger. Per the Complaint, at the intersection of Old US Highway 50 and U.S. Route 50, Plaintiffs allege that Grooms ran a red light. As a result, there was traffic collision at the stoplight, resulting in a "T-bone"-type collision when Defendants' truck struck the driver's side of the vehicle which Grooms was driving. Plaintiffs claim that Audry Grooms was severely injured, and that Donald Grooms suffered injuries so severe that he ultimately died on December 2, 2023.

In discovery herein, Plaintiffs have sought information concerning insurance coverage for the incident and alleged injuries and losses at issue. Defendant Ergon Trucking is owned by Ergon, Inc. Ergon, Inc. is a private company which has a sophisticated insurance tower that affords coverage to multiple other entities that are not involved in the present litigation. Defendants seek entry of a protective order to shield disclosure of information which they characterize as confidential and proprietary. They also seek entry of a protective order to avoid disclosing information about non-parties. Plaintiffs oppose Defendants' request, and point to the Federal Rules of Civil Procedure which straightforwardly require disclosure of information about insurance coverage. Plaintiffs emphasize that the information sought simply is about insurance coverage – and is not in the nature of trade secrets or other such information which a party-defendant may wish to conceal from competitors in the marketplace.

## II. ISSUES, ANALYSIS, AND DISPOSITION

Under the Federal Rules of Civil Procedure:

2

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated
> or ordered by the court, a party must, without awaiting a discovery
> request, provide to the other parties: . . . (iv) for inspection and
> copying as under Rule 34, <u>any insurance agreement under which an
> insurance business may be liable to satisfy all or part of a possible
> judgment in the action</u> or to indemnify or reimburse for payments
> made to satisfy the judgement.

Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added). Significantly, "any insurance agreement

under which an insurance business may be liable to satisfy all or part of a possible judgment in the

action" must be provided. <u>Id.</u> What is more, under this subsection of the rules, a party must provide

insurance information without even having received a discovery request to do so. And while there

are exceptions to this requirement for initial disclosures, the instant action does not fall into the

category of such exceptions. <u>See</u> Fed. R. Civ. P 26(a)(1)(B). Clearly, then, the operable rule is that

any insurance agreement which could provide coverage for the claims in this case must be provided

to the claimants, without even the prompting to do so via a discovery request from another party.

Furthermore, as to protective orders, the Federal Rules of Civil Procedure state:

> The court may, for good cause, issue an order to protect a party or
> person from annoyance, embarrassment, oppression, or undue
> burden or expense, including one or more of the following: . .
> .(G)requiring that a trade secret or other confidential research,
> development, or commercial information not be revealed or be
> revealed only in a specified way . . ..

Fed. R. Civ. P. 26(c)(1)(G).

In any case, Defendants seek the Court's entry of a protective order to allow them to

disclose only information about their primary coverage and not information about overhead

coverage or identities of non-parties who also are covered. Alternatively, Defendants request entry

of a protective order which prohibits Plaintiffs from using the information disclosed for any

purpose outside of the instant litigation. However, Defendants do not demonstrate why the

3

operable rules do not require the disclosure of this insurance information, nor have they shown good cause for entry of a protective order otherwise.

In the first place, it is undisputed that such coverage may exist. In their very motion seeking a protective order, Defendants acknowledge that they are covered by Ergon, Inc.'s insurance tower which may provide coverage for damages in the instant case. [ECF No. 21, at 2].  Defendants emphasize one case particularly to argue that a protective order should issue here. Martinez v. Corrhealth, No. 22-288 WJ-SCY, 2023 WL 8477845 (D.N.M. Dec. 7, 2023). However, in Martinez, the Court left unresolved the question of whether the insurance policies in question should be eligible for a designation of "confidential" under the protective order therein. Id., at *3. In fact, the Martinez court recognized the important policy for timely disclosure of insurance policies under the Rules, and granted a motion to compel the defendants therein to produce insurance policies. Similarly, as Plaintiffs helpfully note, other courts have found that all potentially relevant insurance policies must be disclosed. See Robin v. Weeks Marine, Inc., No. 17-1539, 2017 WL 3311243, at *2 (E. D. La. Aug. 3, 2017); Capozzi v. Atwood Oceanics, Inc., No. 08-776, 2009 WL 3055321, at *2 (W.D. La. Sept. 20, 2009). In addition, in cases where, as here, *excess* insurance policies appear to exist, courts have found that policies must still be produced. See Regaldo v. Techtronic Industries North America, Inc., No. 3:13-cv-4257-L, 2015 WL 10818616 (N. D. Tex. Dec. 22, 2015).

Additionally, Defendants characterize the production of the insurance information as a "fishing expedition" into the parent company, Ergon, Inc. They analogize the instant case to Landis v. Jarden Corp., No. 2:11-CV-101, 2012 WL 12892209 (N.D.W. Va. Mar. 9, 2012), wherein this Court granted a motion to dismiss a parent company as a party in a case involving its subsidiary. However, Landis is easily distinguishable, insofar as the instant case involves the required initial

disclosures which must be produced under Fed. R. Civ. P. 26(a)(1)(A)(iv). Landis is not a decision about initial discovery disclosures, but rather is about whether personal jurisdiction existed as to a named defendant.

On a separate note, despite the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iv), Defendants argue that the contents of the insurance tower constitute confidential information which qualifies for protection under Fed. R. Civ. P. 26(c), set forth above. To this end, the Court may determine that information qualifies for protection if the party presents "a particular and specific demonstration of fact as to why a protective order should [be] issue[d]," Smith v. Valment, Inc., No 1:13-CV-266, 2014 WL 4954648, at *2 (ND.W. Va. Oct. 2, 2014) (citation and quotation omitted). As this Court previously recognized, courts should look to the following six factors to determine if a protective order should issue:

> 1) [T]he extent to which the information is known outside of the defendant's business;
> 2) [T]he extent to which it is known by employees and others involved in the defendant's business;
> 3) [T]he extent of the measures taken by the defendant to guard the secrecy of the information;
> 4) [T]he value of the information to the defendant and competitors;
> 5) [T]he amount of effort or money expended by the defendant in developing the information; and
> 6) [T]he ease or difficulty with which the information could be properly acquired or duplicated by others.

Gil v. Ford Motor Co., No. 1:06-CV-122, 2007 WL 2580792, at *3-4 (N.D.W. Va. Sept. 4, 2007) (citing State ex rel. Johnson v. Tsapis, 187 W. Va. 337, 337, 419 S.E.2d 1, 1 (1992).

For this analysis, the "absence of evidence as to any one factor does not necessarily preclude a finding" that information should be protected. McGough v. Nalco Co., 496 F. Supp. 2d 729, 740 (N.D.W. Va. 2019). Courts can exercise broad discretion to determine when a protective order is appropriate in the first place, and if one should issue, the degree to which it applies. Furlow

v. United States, 55 F.Supp.2d 360, 366 (D. Md. 1999) (quoting Seattle Times v. Rhinehart, 467 U.S. 20 (1984)).

Defendants argue that the nature of the information about non-parties covered under the insurance tower render it proprietary and confidential. They assert that the mere presence of non-parties in the insurance towers renders it private. This is not so; unlike Gil, there is no confidential or trade secret information to protect within such insurance agreements. The information merely is about insurance coverage – not about, for example, research and development of products or proprietary processes of interest to competitors. The identities of the non-parties are not private and contain no private information. The large, multilayered insurance tower is not exceptional for a company as large as Ergon, Inc., and its mere existence does not indicate the existence of confidential information.

Defendants additionally rely on Moore v. Ferguson, No. 2:15-cv-04531, 2015 WL 9587748 (S.D.W. Va. Dec. 30, 2015). In Moore, the court found that insurance contracts were included in materials that could be considered confidential commercial information worthy of a protective order. The instant case is distinguishable from Moore, however, as Defendants in the instant case seek the protection only of the insurance agreements themselves. In Moore, the defendants' insurance agreements were commercial information tied to recruitment of physician employees and their employment structuring. Id., at *17-18. There is no such showing herein.

Lastly, Defendants argue that the Plaintiffs are prevented from disclosing or using the information acquired during discovery beyond the bounds of this litigation. It is correct that Rule 26 does not state that a Plaintiff is authorized to use the information learned during discovery in other matters. However, that does nothing to negate or limit the required disclosures compelled by

Rule 26, which includes "any insurance agreement[s]." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Thus, this provides no basis for issuance of the protective order sought.

### III. CONCLUSION

Accordingly, based on the foregoing, and as set forth more particularly herein, Defendants' motion [ECF No. 20] for entry of a protective order is hereby **DENIED.** It is so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order all parties who appear *pro se* and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: July 22, 2024**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE